COMMERCIAL CASUALTY INSURANCE COMPANY, Respondent, *v.* HARRY A. ROMAN, Appellant.

First Department, May 3, 1935.

*John E. Booth* of counsel [*William C. Morris* with him on the brief; *Barker, Perrigo & Bonynge*, attorneys], for the appellant.

*William Lurie* of counsel [*Elliot W. Isaacson* with him on the brief; *William Lurie*, attorney], for the respondent.

MERRELL, J. The plaintiff is the assignee of a mortgage bond executed by defendant and brings the present action to recover the principal sum of $13,000 besides interest. On or about January 13, 1923, the defendant purchased certain real property at 18–20 West Twenty-first street, in the borough of Manhattan, New York city. The purchase price was $275,000. The purchase was subject to a first mortgage on the premises for $180,000. At the time of purchasing the property the defendant executed a purchase-money bond and mortgage in the sum of $70,000 as a part of the purchase price. Three months thereafter, in April, 1923, the defendant disposed of the property, subject to the purchase-money mortgage thereon. The defendant heard nothing further concerning the property or the incumbrances resting thereon until the present action was brought against him to recover the sum of $13,000 unpaid upon the bond. Through various mesne conveyances from the defendant, title to the fee of the mortgaged real property, prior to July 1, 1929, rested in one Israel Misrok. Misrok was unable to pay the mortgage charges on the property and had failed to make a payment of $5,000 installment of principal, when the same became due on July 1, 1929. On August 5, 1929, Misrok paid all accrued interest and, also, made a payment of $2,000 on the $5,000 installment which fell due on July 1, 1929. This left a balance of $13,000 on the principal indebtedness. Thereafter and on or about November 1, 1929, as the result of negotiations entered into between the attorney for Misrok and the attorney for Mrs. Floersheimer, the latter, at the request of Misrok, extended the payment of the principal remaining due on said mortgage, to wit, the sum of $13,000, to the 1st day of July, 1930. The instrument extending the payment of the principal, executed and duly acknowledged by Mrs. Floersheimer, provided as follows:

" WHEREAS the undersigned, Dora H. Floersheimer, is the owner of a certain bond and mortgage dated January 13, 1923, made by Harry Roman to Samuel Floersheimer and subsequently assigned to the said Dora H. Floersheimer, said mortgage having been recorded in the office of the Register of the County of New York on January 15, 1923, in Liber 3321 of Mortgages at page 147, on which there is now due the principal sum of Thirteen Thousand ($13,000) Dollars with interest at the rate of six per cent (6%) per annum from the first day of July, 1929, and

" WHEREAS Israel Misrok, the owner of the premises covered by said mortgage, has requested the undersigned to extend the date of the payment of the principal of said mortgage and has furnished to the undersigned a bond dated the 28th day of October, 1929, and executed by the said Israel Misrok as principal and the Commercial Casualty Insurance Company as surety.

" *Now, Therefore,* the undersigned hereby extends the payment of the principal remaining due upon said mortgage, to wit the sum of Thirteen Thousand ($13,000) Dollars, to the first day of July, 1930, provided that interest shall be paid thereon at the rate of six per cent (6%) per annum on the first days of January and July, 1930, respectively, and provided further that all of the other terms, conditions and covenants of said bond and mortgage shall be fully complied with.

" IN WITNESS WHEREOF the undersigned has hereunto set her hand and seal this 1st day of November, 1929.

" DORA H. FLOERSHEIMER. [L. S.]

" STATE OF NEW YORK }
" COUNTY OF NEW YORK } *ss.:*

" On the 1st day of November, 1929, before me came Dora H. Floersheimer, to me known to be the individual described in, and who executed the foregoing instrument, and acknowledged that she executed the same.

" ABRAHAM H. FRISCH<br>" *Notary Public.*

" New York Co. Clk. 348, Reg. No. 0–329
Kings Co. Clk. No. 131, Reg. No. 316
Bronx Co. Clk. No. 29, Reg. No. 3015
Commission expires March 30, 1930."

At the trial of the action the defendant established, by expert testimony, that the value of the real property, at the date of the execution of the extension agreement, was between $220,500 and $230,650. No testimony disputing such valuation was given at the trial by plaintiff. The first mortgage on the property was $180,000, and the unpaid balance of principal on the purchase-money mortgage was $13,000, the aggregate amount of both mortgages being $193,000.

We are of the opinion that the agreement extending the date of payment of the unpaid balance due on the purchase-money mortgage discharged the defendant to the extent of the value of the land. The evidence was undisputed at the trial that, at the time of the extension agreement by Mrs. Floersheimer, the value of the property

exceeded the amount of the mortgages thereon and was sufficient to discharge said mortgages. It follows that the defendant was, therefore, discharged from all liability.

The respondent contends that the extension agreement was not an extension of the principal unpaid under the bond, but merely served as an extension of payment of the installments of the bond due at the time of the execution of said extension agreement. This we do not think was the case. We are of the opinion that, under the terms of the extension agreement, the payment of the entire $13,000, the balance unpaid on the purchase-money mortgage, was extended to July 1, 1930. The recital of the extension agreement is as follows:

" WHEREAS Israel Misrok, the owner of the premises covered by said mortgage, has requested the undersigned to extend the date of the payment of the principal of said mortgage　*　*　*

"Now, Therefore, the undersigned hereby extends the payment of the principal remaining due upon said mortgage, to wit the sum of Thirteen Thousand ($13,000) Dollars, to the first day of July, 1930."

The respondent contends that there was no acceleration of the principal due upon said bond and mortgage. We think, under the language of the extension agreement, there was an implied acceleration of the entire amount unpaid upon the mortgage, to wit, $13,000. The law is well settled that where the holder of a bond and mortgage, by a valid agreement with the owner of the property and without the knowledge of the obligor on the bond, extends the time of payment of the mortgage, the obligor is discharged from liability on his bond to the extent of the value of the land. The Court of Appeals, in the leading case of *Murray* v. *Marshall* (94 N. Y. 611), stated the law as follows: " The measure of his injury was his right of subrogation, and that necessarily was bounded by the value of the land. The extension of time, therefore, operated to discharge him only to the extent of that value. At the moment of the extension his right of subrogation was taken away, and at that moment he was discharged to the extent of the value of the land, since the extension barred his recourse to it, and once discharged he could not again be made liable. From that moment the risk of future depreciation fell upon the creditor who by the extension practically took the land as his sole security to the extent of its then value, and assumed the risk of getting that value out of it in the future.",

In *Ducker* v. *Rapp* (67 N. Y. 464) the Court of Appeals said (at p. 472): " When time is given to the principal debtor, though but for a single day, the surety is discharged. The surety, when he

pays the debt, must have an immediate right of action against the principal, and that right cannot be postponed for any period, however short, by the creditor without discharging the surety."

The Court of Appeals in the case of *Murray* v. *Marshall* (*supra*) where a mortgagor sells real property subject to his mortgage, said, in respect to his grantee, " in respect to the land, and to the extent of its value, he [the grantee] stands in the relation of a principal debtor, and to the same extent the grantor has the equities of a surety. This follows inevitably from the right of subrogation which inheres in the original contract of sale and conveyance."

The court in that case further said (at p. 615): " Through the right of subrogation the vendor could secure his safety, and that right could not be invaded with impunity."

Concededly, at the time of the execution of the extension agreement, Mrs. Floersheimer did not know the defendant. It is undisputed that the defendant knew nothing about the property until April 14, 1931, when he was called upon to pay the balance due. The theory upon which the case of *Murray* v. *Marshall* (*supra*) proceeded was that the defendant was prejudiced as a matter of law by virtue of the fact that his right of subrogation was interfered with. The law is well settled that the obligation of a surety is *strictissimi juris*. The surety is discharged by any alteration of the contract to which his obligation applied. It does not matter whether the alteration be material or not, and the courts will not inquire whether or not it is to the injury of the surety. (*Antisdel* v. *Williamson*, 165 N. Y. 372, 375.) This was held by this court in the recent case of *Katz* v. *Leblang* (243 App. Div. 421).

We are of the opinion that, under the authority of *Murray* v. *Marshall* (*supra*), the defendant was discharged from his obligation under the bond in suit.

The judgment appealed from should be reversed, with costs, and judgment directed in favor of the defendant dismissing the complaint, with costs to defendant, appellant, against plaintiff, respondent.

MARTIN, P. J., McAVOY, O'MALLEY and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the defendant dismissing the complaint, with costs.